```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
----------------------------------------X
DONALD and ELIZABETH H. KEARNS,

                        Plaintiffs,
                                              MEMORANDUM & ORDER
          -against-                           13-CV-3484(JS)(GRB)

UNITED STATES OF AMERICA,

                        Defendant.
----------------------------------------X
APPEARANCES
For Plaintiffs:    Douglas Robert Eisenberg, Esq.
                   John Patrick Campbell, Esq.
                   Schenck, Price, Smith, and King, LLP
                   220 Park Avenue
                   Florham Park, NJ 07932

For Defendant:     Bartholomew Cirenza, Esq.
                   U.S. Department of Justice, Tax Division
                   Ben Franklin Station, P.O. Box 55
                   Washington, DC 20044-0055
```

SEYBERT, District Judge:

Plaintiffs Donald and Elizabeth H. Kearns ("Plaintiffs") commenced this action on June 18, 2013 against defendant the United States of America (the "Government" or "Defendant") seeking a partial tax refund for the 2006 tax year. The Government moves to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that this Court lacks subject matter jurisdiction due to Plaintiffs' failure to file a timely administrative claim for a refund. For the following reasons, the Government's motion is GRANTED.

BACKGROUND

In 2006, Mr. Kearns sold his interest in C&W Corporate Securities, LLC ("C&W"). (Compl. ¶ 8.) Plaintiffs allege that Mr. Kearns did not receive cash for the sale in 2006. Rather, Mr. Kearns only "received units from C&W . . . with an appraised value of $402,055.00." (Compl. ¶ 8.) On or before April 15, 2007, Plaintiffs jointly filed their 2006 U.S. Individual Income Tax Return ("2006 Form 1040") with the Internal Revenue Service ("IRS"). (Compl. ¶ 7, Ex. A.) They reported the appraised value of the units from C&W as income on their 2006 Form 1040 and paid $143,000.00 in federal income tax on the appraised value for the 2006 tax year. (Compl. ¶¶ 9-10.)

Plaintiffs further allege that on January 10, 2007, Mr. Kearns received "the cash for the units of C&W . . . in the amount of approximately $469,773.00." (Compl. ¶ 11.) Plaintiffs apparently did not report this amount to the IRS on their 2007 Form 1040. On March 8, 2011, the IRS issued a Notice of Deficiency to Plaintiffs indicating that Plaintiffs failed to report the $469,773.00 in cash received in 2007 and that Plaintiffs therefore owed an additional $153,216.00 in taxes and $30,643.20 in penalties and interest for the 2007 tax year. (Compl. ¶ 12, Ex. F.)

After receiving the Notice of Deficiency, Plaintiffs "contacted their accountant, John Giacchetti, CPA, and presented the Notice of Deficiency to him," but Giacchetti "failed to contest

2

the determination by the 90-day deadline set forth in the Notice of Deficiency." (Compl. ¶ 13.) However, on August 19, 2011, Giacchetti provided "a detailed written explanation to the IRS . . . requesting a reconsideration of the audit of the tax return for the [2007 tax year] . . . ." (Compl. ¶ 13.) By letter dated January 3, 2012, the IRS denied Plaintiffs' request for reconsideration of the audit. (Compl. Ex. K.)

Plaintiffs next mailed a Form 843 Claim for Refund and Request for Abatement for the 2006 tax year to the IRS on November 13, 2012. (Compl. ¶ 17, Ex. H.) By letter dated March 22, 2013, the IRS advised Plaintiffs that the Form 843 was not actually included with the transmittal letter sent on November 13, 2013, (Compl. ¶ 18, Ex. I), and Plaintiffs re-sent a copy on March 27, 2013 (Compl. ¶ 19, Ex. J), which the Government claims it received on April 19, 2013 (Gov't's Br., Docket Entry 9, at 3).

Plaintiffs allege that the IRS has not made a determination with respect to their Form 843 Claim. (Compl. ¶ 20.) Accordingly, they commenced this action on June 18, 2013 seeking a tax refund for the $143,000 they paid in federal income tax in 2006. They claim that, because a portion (i.e., $402,055.00) of the cash proceeds received in 2007 (i.e., $469,773.00) was reported as income received in 2006, the tax paid on the income reported in 2006 (i.e., $143,000.00) should be credited against Plaintiffs' 2007 tax deficiency. (Compl. at 7.)

3

The Government has moved to dismiss the Complaint pursuant to Federal Rule of Civil Procedure 12(b)(1), on the ground that this Court lacks subject matter jurisdiction due to Plaintiffs' failure to file a timely administrative claim for a refund. (Docket Entry 9.) This motion is currently pending before the Court.[1]

## DISCUSSION

The Court will first set forth the applicable legal standard before turning to the Government's motion more specifically.

I. Legal Standard

"A case is properly dismissed for lack of subject matter jurisdiction under Rule 12(b)(1) when the district court lacks the statutory or constitutional power to adjudicate it." Makarova v. United States, 201 F.3d 110, 113 (2d Cir. 2000). In resolving a motion to dismiss for lack of subject matter jurisdiction, the Court may consider affidavits and other materials beyond the pleadings to resolve jurisdictional questions. See Morrison v.

---

[1] The Government also maintains that the $469,773.00 in cash received in 2007 was not actually for the units that Mr. Kearns received in 2006. Rather, the Government contends that the cash received in 2007 was paid to Mr. Kearns in connection with a January 10, 2007 merger agreement involving C&W and was not related to the distribution of units in C&W that Mr. Kearns received in 2006. (Gov't's Br. at 3-4.) However, for the purposes of current motion, the Government moves to dismiss only on jurisdictional grounds.

4

Nat'l Australia Bank, Ltd., 547 F.3d 167, 170 (2d Cir. 2008). The Court must accept as true the factual allegations contained in the complaint, but it will not draw argumentative inferences in favor of Plaintiffs because subject matter jurisdiction must be shown affirmatively. See id.; Atl. Mut. Ins. Co. v. Balfour Maclaine Int'l Ltd., 968 F.2d 196, 198 (2d Cir. 1992); Shipping Fin. Servs. Corp. v. Drakos, 140 F.3d 129, 131 (2d Cir. 1998). "A plaintiff asserting subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." Makarova, 201 F.3d at 113.

II. The Government's Motion

The Government argues that Plaintiffs' claim for a refund for the 2006 tax year must be dismissed because the Court lacks subject matter jurisdiction due to Plaintiffs' failure to file a timely administrative refund claim with the IRS as required by 26 U.S.C. § 6511(a). Although the doctrine of sovereign immunity "operates as a jurisdictional limitation on suits against the United States," United States v. Forma, 42 F.3d 759, 763 (2d Cir. 1994) (citations omitted), the United States, by statute, has consented to being sued in federal court for "the recovery of any internal-revenue tax alleged to have been erroneously or illegally assessed or collected, or any penalty claimed to have been collected without authority or any sum alleged to have been excessive or in any manner wrongfully collected under the internal-

revenue laws . . . ." 28 U.S.C. § 1346(a)(1). There are, however, strict conditions attached to that consent. Of relevance here, a taxpayer must first file an administrative claim for a refund or a credit with the IRS before bringing suit, see 26 U.S.C. § 7422(A), and must file such claim "within 3 years from the time the return was filed or 2 years from the time the tax was paid, whichever of such periods expires the later . . . ." 26 U.S.C. § 6511(a). If the taxpayer does not file the claim within the time limits imposed by § 6511, he may not bring suit for a refund or credit in federal court. See 26 U.S.C. § 6511(b)(1) ("No credit or refund shall be allowed or made after the expiration of the period of limitation prescribed in [26 U.S.C. § 6511(a)] for the filing of a claim for credit or refund."); see also United States v. Dalm, 494 U.S. 596, 602, 110 S. Ct. 1361, 1365, 108 L. Ed. 2d 548 (1990) ("[U]nless a claim for refund of a tax has been filed within the time limits imposed by § 6511(a), a suit for refund, regardless of whether the tax is alleged to have been 'erroneously,' 'illegally,' or 'wrongfully collected,' §§ 1346(a)(1), 7422(a), may not be maintained in any court.").

Plaintiffs' administrative claim was not filed before the expiration of the statute of limitations and Plaintiffs do not dispute this. Rather, Plaintiffs argue that they are entitled to relief from § 6511(a)'s statute of limitations pursuant to the statutory mitigation provisions of the Internal Revenue Code

6

("IRC"), 26 U.S.C. §§ 1311–15, which, in certain limited circumstances, allow claims that are otherwise barred by the statute of limitations. See 26 U.S.C. § 1311(a) (providing that if correction of a taxation error "is prevented by the operation of any law or rule of law, . . . then the effect of the error shall be corrected by an adjustment . . . ."); Pastorino v. United States, No. 95-CV-10011, 1997 WL 599394, at *2 n.6 (S.D.N.Y. Sept. 26, 1997). The Court disagrees.

For the mitigation provisions to apply, the party invoking mitigation must meet three threshold requirements: (1) there must be a "determination" as defined by 26 U.S.C. § 1313(a); (2) the determination must be one of the "circumstances of adjustment" set forth in 26 U.S.C. § 1312; and (3) one of the "conditions necessary for adjustment" set forth in § 1311(b) must be met. See 26 U.S.C. § 1311; see also Hall v. United States, 111 Fed. Cl. 766, 771 (Fed. Cl. 2013). Under the IRC, a "determination" is defined as, inter alia, "a decision by the Tax Court or a judgment, decree, or other order by any court of competent jurisdiction, which has become final." 26 U.S.C. § 1313(a)(1).

In the Complaint, Plaintiffs allege that the IRS's denial of Plaintiffs' request for reconsideration of the audit for the 2007 tax year constitutes a "determination" under the IRC. (Compl. ¶ 23(B).) However, a determination by the IRS obviously

7

is not "a decision by the Tax Court or a judgment decree, or other order by any court of competent jurisdiction," 26 U.S.C. § 1313(a)(1), and Plaintiffs appear to have abandoned that claim in their opposition brief anyway. Instead, Plaintiffs now argue that the IRS's Notice of Deficiency for the 2007 tax year conferred jurisdiction in the Tax Court and Plaintiffs' subsequent failure to file a petition in the Tax Court challenging the Notice of Deficiency caused the Tax Court to "close" their case "as unagreed." (Pls.' Opp. Br., Docket Entry 12, at 5.) This, Plaintiffs contend, is the "equivalent to a default judgment being entered against Plaintiffs by the Tax Court," and thus, constitutes a "final determination" by the Tax Court within the meaning of the IRC. (Pls.' Opp. Br. at 5.)

Plaintiffs' argument is meritless, and the Court summarily rejects it. Plaintiffs rely on Scar v. Comm'r, 814 F.2d 1363 (9th Cir. 1987) for the proposition that a notice of deficiency creates jurisdiction in the Tax Court. However, as the Scar court made abundantly clear, a notice of deficiency is only one of the prerequisites to the Tax Court's jurisdiction. In fact, "[t]he Tax Court has jurisdiction only when the Commissioner issues a valid deficiency notice, and the taxpayer files a timely petition for redetermination." 814 F.2d at 1366 (emphasis added); see also 26 U.S.C § 6213(a) ("The Tax Court shall have no jurisdiction to enjoin any action or proceeding or order any refund under this

8

subsection unless a timely petition for a redetermination of the deficiency has been filed . . . ."). Thus, Plaintiffs' argument that their failure to file a petition resulted in the "equivalent" of a default judgment is incorrect. Because Plaintiffs failed to file a petition, the Tax Court never had jurisdiction and therefore did not have the power to issue any judgment or order. Additionally, the IRC makes clear that the failure to file a petition in the Tax Court cannot result in the "equivalent" of a default judgment. Rather, if a taxpayer does not file a petition with the Tax Court, the IRS must assess the deficiency against the taxpayer <u>without</u> any action from the Tax Court. 26 U.S.C. § 6213(c) ("If the taxpayer does not file a petition with the Tax Court within the time prescribed in subsection (a), the deficiency, notice of which has been mailed to the taxpayer, shall be assessed, and shall be paid upon notice and demand from the Secretary."). Thus, Plaintiffs have not shown that there was a determination under § 1313(a), and they therefore are not entitled to relief from the statute of limitations pursuant to the mitigation provisions. Without mitigation, and given that the period of limitations in § 6511(a) has lapsed, the Court lacks jurisdiction over Plaintiffs' claim and the Complaint is therefore DISMISSED WITH PREJUDICE. <u>See</u> <u>Dalm</u>, 494 U.S. at 602.

## CONCLUSION

For the foregoing reasons, the Government's motion to dismiss is GRANTED and Plaintiffs' Complaint is DISMISSED WITH PREJUDICE for lack of subject matter jurisdiction. The Clerk of the Court is directed to mark this matter CLOSED.

SO ORDERED.

/s/ JOANNA SEYBERT
Joanna Seybert, U.S.D.J.

Dated: August __12__, 2014
        Central Islip, NY